Argued April 6, reversed June 20, 1978

SEATTLE-FIRST NATIONAL BANK, *Appellant,*
*v.*
SCHRIBER et al, *Respondents.*
(TC A7604-05594, SC 25451)

580 P2d 1012

Charles Robinowitz, Portland, argued the cause for appellant. With him on the briefs was Robert D. Dames, Jr., Portland.

Michael V. Reed, Portland, argued the cause for respondents. With him on the brief were Norman Wapnick and Sussman, Shank, Wapnick & Caplan.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

LENT, J.

**LENT, J.**

On April 21, 1976, plaintiff, a national bank, filed this action to recover the unpaid balance on a promissory note. Plaintiff alleged that defendant on December 15, 1969, had executed and delivered the note reproduced on following page in favor of the plaintiff.

Defendant, pursuant to ORS 16.260(7),[1] demurred to the complaint for the reason that the action was not commenced within the six-year period of the governing statute of limitations, ORS 12.080.[2] The trial court sustained defendant's demurrer. Plaintiff declined to plead over, and judgment was given for defendant. Plaintiff appeals, assigning this ruling as error.

The sole issue in this case is whether the note in question is a demand note as a matter of law. We hold it is not and reverse.

The importance of this characterization is the different treatment given demand and time notes by the Uniform Commercial Code, ORS ch 73 (and the "generally accepted rule" before that), with regard to the accrual of causes of action against the maker. ORS 73.1220 provides:

> "(1) A cause of action against a maker * * * accrues
>
> "(a) In the case of a time instrument on the day after maturity;

---

[1] ORS 16.260 provides, in pertinent part:

"The defendant may demur to the complaint within the time required by law to appear and answer, when it appears upon the face thereof:

"* * * * *

"(7) That the action has not been commenced within the time limited by statute."

[2] ORS 12.080 provides, in pertinent part:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250 * * * shall be commenced within six years."

[ 627 ]

This line for Bank Us Only

NO. 50293 DUE 6-15-70 | NAME SCHRIBER, RONALD W.

Vancouver _____, Washington, December 15 19 69 $ 40,000.00

On demand but no later than 180 days----- after date, for value received, I promise to pay to the order of

SEATTLE-FIRST NATIONAL BANK at its _____ Clark County _____ Branch,

the sum of -----Forty Thousand & No/100------------------------------- DOLLARS

with interest thereon from ____ date ____ until paid at the rate of ___9½___ per cent per annum, payable ___quarterly___ and if said principal and interest are not paid when this note becomes due, the interest shall then, and thereafter quarterly, be added to the principal sum and become a part of said principal, and said principal shall thereafter bear interest at the same rate. For value received each and every party signing or endorsing this note waives presentment, demand, protest, and notice of non-payment thereof, binds himself as a principal, not as a surety, and promises to pay all costs of collection in case payment shall not be made at maturity; and further promises, in case suit is instituted to collect the same or any portion thereof, to pay such additional sum as the court may adjudge reasonable, as attorney's fees in such suit, and that at the option of the holder hereof the venue of said suit may be laid in King County, Washington.

Address ____ 325 St. Andrews Drive

Rio Delmar, California 95620 95003

Arros

Customer's No.

"(b) In the case of a demand instrument upon its date or, if no date is stated, on the date of issue."[3]

Thus, if the note is a demand instrument, as defendant asserts and as the trial court obviously held, the cause of action accrued (and therefore the statute of limitations began to run, ORS 12.010)[4] on December 15, 1969, and the action, filed more than six years after that date, is time barred. If the note is not a demand note but a time instrument, the cause of action accrued on the day after its maturity, on June 14, 1970, which is within six years of the filing date.

We look to the definition of demand instrument, which we take to be synonymous with "instrument payable on demand." ORS 73.1080 provides:

"Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated."

The drafters obviously felt no need to state the obvious, that demand instruments also include instruments made expressly payable "on demand." *See* 2 Anderson Uniform Commercial Code, § 3-108:4 (1971).

The "on demand" language in the time term of the note indicates an intention that the note should be payable on demand; however, the addition of the words

---

[3] *But see Bank of Nevada v. United States,* 251 F2d 820, 827 (9th Cir 1957), *cert den* 356 US 938, quoting from *Sullivan v. Ellis,* 219 F 694, 696 (8th Cir 1915), as follows:

"The general rule with regard to commercial paper, payable on demand, is that it becomes due immediately, and that the statute of limitations begins to run from its date.

" 'This rule may not apply when there is something on the paper or in the circumstances under which it is given, showing that it was not the intent that it should become due immediately.' " [citation omitted]

[4] ORS 12.010 provides:

"Actions at law shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute. The objection that the action was not commenced within the time limited shall only be taken by answer, except as provided in ORS 16.260."

"but no later than 180 days" creates an ambiguity not susceptible to resolution as a matter of law.[5]

The trial court erred in sustaining defendant's demurrer. The judgment is reversed, and the case is remanded.

---

[5]The parties argued strenuously about the effect of the marginal notation "DUE 6-13-70," which date is 180 days after the date of the note, December 15, 1969. Actually there are two separate issues involved:

(1) Whether this marginal notation constitutes part of the time term of the note itself; and

(2) Whether evidence of this marginal notation is admissible as parol evidence to explain the intrinsic ambiguity in the note.

Neither issue requires resolution here. With reference to the first issue, however, we note the exhaustive treatment given in Anno: Writing on the margin or on the back of a bill or note at the time of its execution as a part thereof, 13 ALR 251 (1921), supplemented by 155 ALR 218 (1945), and cases cited therein, especially *In Re Feldman,* 387 Ill 568, 56 NE2d 405, 155 ALR 210 (1944). With reference to the second issue, we note the statutory parol evidence rule, ORS 41.740.